# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HOLLISTER,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>WELLS FARGO HOME LOAN MORTGAGE, INC., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09cv2558 JM (WMc)<br><br>ORDER GRANTING MOTIONS TO DISMISS RESPA CLAIMS; REMANDING ACTION TO STATE COURT |

Defendant Wells Fargo Bank, N.A., dba Wells Fargo Home Mortgage ("Wells Fargo"), moves to dismiss all 15 of Plaintiff Laura Hollister's claims asserted in her complaint. Similarly, Defendant First American Loanstar Trustee Services ("Loanstar") separately moves to dismiss all claims. Plaintiff did not file an opposition nor a statement of non-opposition as required by Local Rule 7.1(e)(2). Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motions to dismiss the RESPA claim and remands this action to state court.

## BACKGROUND

On or about October 14, 2009 Plaintiff commenced this action in the Superior Court of California for the County of San Diego. Shortly thereafter Defendants timely removed this action to federal court based upon federal question jurisdiction arising under 28 U.S.C. §1331.

Plaintiff is the owner of real property commonly known as 2958 Denver St., San Diego, California. (Loanstar RFN Exh. A). On May 17, 2004 Plaintiff granted a promissory note in the

amount of $565,000, secured by a trust deed on the property.  Pursuant to the deed of trust, Wells Fargo is the lender and Fidelity National Title Insurance Company the original trustee.  Loanstar is the successor trustee under the Deed of Trust pursuant to a substitution of trustee recorded on August 12, 2009.

On or about July 8, 2009 Loanstar recorded a "Notice of Default and Election to Sell." (Loanstar RFN Exh. D).  Ultimately the defaults were not cured and on October 9, 2009 Loanstar recorded a Notice of Trustee's Sale.  (Id. Exh. E).  The property has not yet been sold, in part because on October 27, 2009 Plaintiff filed a voluntary petition under chapter 7 of the U.S. Bankruptcy Code. (Id. Exh. F).

The 56-page complaint alleges a single federal claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 et seq.  Plaintiff broadly alleges that the appraisal of her home was inflated by about 10% in order to "roll up" all closing costs.  (Compl. at p.2:20-29). Plaintiff alleges that the loan officer "assisted Plaintiff with the [loan] application to submit to the prime or non-prime unit with false income amounts so that the Plaintiff could get the loan under false pretenses.  All this was done under Plaintiff's cloud of ignorance and explained as 'business as usual.'" (Compl. at p.2:6-8). Plaintiff has sought to modify her loan but achieved no success.

Based in part upon these broad allegations, Plaintiff also alleges 14 state law claims for declaratory relief, fraud, quiet title, reformation, violation of Bus and Prof Code §17200, violation of Civil Code §2923.6, violation of Civil Code §1788.17, violation of Civil Code §1572, injunctive relief, constructive fraud, breach of fiduciary duty, violation of Bus and Prof Code §17500, violation of Civil Code §2945, and intentional infliction of emotional distress.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts

should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**Loanstar's Motion to Dismiss the RESPA Claim**

Loanstar moves to dismiss the RESPA claim on the ground, among others, that it is not the loan servicer for purposes of RESPA. "The term 'servicer means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. §2605. Here, Loanstar is not the original servicer. Loanstar did not become the successor trustee under the deed of trust until on or about August 12, 2009. (Loanstar RJN Exh. C). Consequently, Loanstar cannot be held liable for any RESPA violations arising prior to the time it became the loan servicer.[1]

---

[1] The court notes that Plaitniff's RESPA claims arising from the May 26, 2004 transaction also appear time barred by RESPA's one year statute of limitations. 12 U.S.C. §2607.

1      The court also concludes that the complaint's allegations are too speculative to state a RESPA
2 claim arising from Loanstar's conduct as loan servicer. Plaintiff fails to comply with the minimum
3 pleading standards. The RESPA claim alleges that Defendants "violated both the terms and spirit"
4 of 12 U.S.C. §2601. (Compl. ¶153). To simply allege that Defendants violated the terms and spirit
5 of RESPA fails to allege a right to relief beyond the speculative level. See Iqbal, 120 S.Ct. at 1949.
6 To state a claim, Plaintiff must do more than set forth conclusory and uninformative allegations.

7      In sum, the court grants Loanstar's motion to dismiss the only federal claim.

8 **Wells Fargo's Motion to Dismiss the RESPA Claim**

9      Wells Fargo moves to dismiss Plaintiff's RESPA claim on the ground, among others, that the
10 RESPA claims are time-barred. An individual claim for violation of 12 U.S.C. §2607 must be brought
11 within one year "from the date of the occurrence of the violation." 12 U.S.C. §2614. The date of the
12 occurrence of the violation is the "date of the closing, which is a definite and indisputable date known
13 to potential plaintiffs and defendants." Snow v. First Am Title Ins. Co., 332 F.32d 356, 361 (5th Cir.
14 2003). Here, the date of closing was on or about May 26, 2004, and therefore Plaintiff's RESPA claim
15 is time-barred.

16      As with the RESPA claim asserted against Loanstar, the court notes that the allegations are too
17 conclusory to state a claim. As set forth above, allegations that Defendants violated the terms and
18 spirit of RESPA fail to allege a right to relief beyond the speculative level. See Iqbal, 120 S.Ct. at
19 1949. Consequently, the court grants the motion to dismiss the federal claim.

20 **Remand**

21      The court also sua sponte remands this action to state court. See Maniar v. FDIC, 979 F.2d
22 782, 785 (9th Cir. 1992) (the court may sua sponte remand an action to state court). Federal courts are
23 courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause.
24 Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to
25 the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better
26 Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19
27 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their
28 jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its]

1  existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations
2  omitted).

3      In light of the dismissal of the only federal claim, the court concludes that it lacks subject
4  matter jurisdiction under 28 U.S.C. §1331 to entertain Plaintiff's action. Defendants, as the parties
5  who invoke federal removal jurisdiction, have the burden of demonstrating the existence of federal
6  jurisdictional. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing
7  Co., 663 F.2d 545 (5th Cir. 1981). Any doubts regarding removal jurisdiction are construed against
8  Defendant and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566. Here, there
9  is no federal claim over which the court has original jurisdiction and the court declines to exercise
10 supplemental jurisdiction over the state law claims. Consequently, the court lacks subject matter
11 jurisdiction and remands this action to the Superior Court for the County of San Diego.

12     In sum, the court grants the motions to dismiss the RESPA claim and sua sponte remands this
13 action to the Superior Court of California for the County of San Diego.

14     **IT IS SO ORDERED.**

15 DATED: January 11, 2010

16                                                       Hon. Jeffrey T. Miller
17                                                       United States District Judge

18 cc:        All parties